JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

TAMEKA PARKER

**(b)**  County of Residence of First Listed Plaintiff   Delaware
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Craig Thor Kimmel, Esq., Kimmel & Silverman, PC, 30 E. Butler Ave., Ambler, PA, 19002, (215)550-8888

## DEFENDANTS

DIVERSIFIED CONSULTANTS, INC.

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ❏ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ❏ 2  U.S. Government Defendant
- ❏ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Med. Malpractice | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | ❏ 365 Personal Injury - | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| & Enforcement of Judgment | Slander | ❏ 368 Asbestos Personal | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Injury Product | ❏ 650 Airline Regs. | ❏ 830 Patent | Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | Liability | Liability | ❏ 660 Occupational | ❏ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ❏ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❏ 490 Cable/Sat TV |
| (Excl. Veterans) | ❏ 345 Marine Product | ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | Liability | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | Property Damage | Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract | Product Liability | ❏ 385 Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Product Liability | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | Sentence | ❏ 791 Empl. Ret. Inc. | or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** | Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land | Accommodations | ❏ 530 General | | 26 USC 7609 | Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 900 Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - | | to Justice |
| | ❏ 446 Amer. w/Disabilities - | ❏ 555 Prison Condition | Alien Detainee | | ❏ 950 Constitutionality of |
| | Other | | ❏ 465 Other Immigration | | State Statutes |
| | ❏ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ❏ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from another district (specify)
- ❏ 6  Multidistrict Litigation
- ❏ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692k
Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
10/13/2015

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 7006 Emerson Avenue, Upper Darby, PA 19082

Address of Defendant: 10550 Deerwood Park Blvd., Suite 309, Jacksonville, FL 32256

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No☒

Does this case involve multidistrict litigation possibilities?          Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1692 et seq.

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, CRAIG THOR KIMMEL _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 10-13-15 _____     Attorney-at-Law _____     57100 _____
                                                                          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10-13-15 _____     Attorney-at-Law _____     57100 _____
                                                                          Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |
|---|---|
| TAMEKA PARKER | : CIVIL ACTION |
| v. | : |
| DIVERSIFIED CONSULTANTS, INC. | : |
|  | : NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　(X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court. (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　( )

| 10-13-15 | | Plaintiff, Tameka Parker |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-540-8888 x 116 | 877-788-2864 | kimmel@creditlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMEKA PARKER,<br><br>      Plaintiff,<br><br>      v.<br><br>DIVERSIFIED CONSULTANTS,<br>INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)  **Case No.:**<br>)<br>)  **COMPLAINT AND DEMAND FOR**<br>)  **JURY TRIAL**<br>)<br>)  **(Unlawful Debt Collection Practices)**<br>) |

## COMPLAINT

TAMEKA PARKER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Upper Darby, Pennsylvania 19082.

6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.     Defendant is a national debt collection company with its corporate headquarters located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256.

8.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.    At all relevant times herein, Defendant was attempting to collect a

2

PLAINTIFF'S COMPLAINT

consumer debt and contacted Plaintiff in its attempts to collect that debt.

11.     Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly an obligation owed by her could only have arisen from a financial obligation primarily for personal, family, or household purposes.

12.     The debt at issue, an AT&T cell phone bill, arose out of transactions primarily for personal, family, or household purposes.

13.     Defendant collected from Plaintiff beginning November 2014 through May 26, 2015 on one AT&T account and from May 3, 2015 through August 2015 on another AT&T account.

14.     Defendant's overlapping collection of two accounts involving the same creditor was confusing to Plaintiff as Defendant had not correctly differentiated that there were two accounts, or the two (very different) balances, which Defendant was collecting.

15.     In early June 2015, Defendant repeatedly and continuously placed collection calls to Plaintiff's cellular telephone.

16.     During the relevant period, Plaintiff received an average of five (5) calls each day from Defendant.

17.     In November 2014, when Defendant first contacted Plaintiff, it identified its company's name and informed her that it was attempting to collect

PLAINTIFF'S COMPLAINT

on the aforementioned $42.00 AT&T debt.

18.     On or around June 2015, Defendant began seeking a $1,000.00 from what Plaintiff later learned was another AT&T account.

19.     As to the first account, Plaintiff told Defendant the $42.00 amount was paid in full in 2008 and nothing was owed.

20.     Plaintiff told Defendant's collectors that she disputed the $42.00 amount, and when a call demanding $1,000.00 was received in June 2015, she instructed Defendant to stop calling her.

21.     Although Defendant heard Plaintiff's instructions, the collector quickly terminated the call rather than confirm that calls would stop.

22.     Defendant continued to call, multiple times between June 2015 and August 2015 after she told Defendant to stop calling.

23.     Frustrated, Plaintiff reiterated to Defendant in the subsequent calls she answered, what she had said earlier; the debt had already been paid.   In response, Defendant's collectors did not disagree that it was paid, only that they had "no records of it."

24.     Defendant persisted and when that failed, threatened to pursue legal action if the $1,000.00 amount sought remained unpaid.

25.     Defendant's constant calls, aside from being unwanted, were placed at inconvenient times such as while Plaintiff was at work, and came after

4

Defendant was told not to call.

26.     Defendant's action, as described herein, were taken with intent to annoy, abuse, harass, and mislead Plaintiff in connection with the collection of a debt.

27.     Defendant's overlapping collection efforts on two AT&T balances from Plaintiff, caused confusion and were conducted in a manner that resulted in a deceptive, harassing, and misleading, impact upon Plaintiff.

28.     Upon information and belief, Defendant did not maintain recordings of calls to Plaintiff referenced above.

29.     Upon information and belief, the only recordings Defendant retained in connection with Plaintiff, were those that recorded Plaintiff's voice mail greeting only and calls that were cut off in mid-sentence.

30.     Upon information and belief, Defendant made recordings of calls that it could not secure Plaintiff's consent, but retained whatever was recorded anyway.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

31.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692c(a)(1).

    a.     A debt collector violates § 1692c(a)(1) of the FDCPA by

communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

b.    Here, Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff at her place of employment, after being told to stop calling, which made the calls inconvenient for her.

## COUNT II

32.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

a.    A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b.    A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy,

6

abuse, or harass any person at the called number.

c.   Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by repeatedly contacting Plaintiff multiple times a week, and continuing to call Plaintiff after being told to stop calling her.

## COUNT III

33.   Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10) of the FDCPA.

a.   A debt collector violates § 1692e of the FDCPA by using any false, deceptive or misleading representations or means in connection with the collection of any debt.

b.   A debt collector violates § 1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of any debt.

c.   A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

d.   A debt collector violates § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt.

e.   Here, Defendant violated §§ 1692e and 1692e(10) of the

7

FDCPA when it engaged in collection of two AT&T accounts with vastly different balances, at the same time, without differentiation, by threatening legal action if the balance remained unpaid when it had no intention of pursuing legal action and when it misrepresented the amount and status of the alleged debt.

f.    Defendant violated §§ 1692e(2) and 1692e(10) of the FDCPA by falsely representing to Plaintiff that it was seeking a $1000.00 balance but was at the time collecting on two amounts one of which was only $42.00.

g.    Finally, Defendant violated §§ 1692e(5) and 1692e(10) of the FDCPA when it threatened to pursue legal action it had no intention of taking.

## COUNT IV

34.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692f and 1692f(1) of the FDCPA.

a.    A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b.    A debt collector violates § 1692f(1) of the FDCPA by

8

collecting any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

c.      Here, Defendant violated § 1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to cease collection calls to Plaintiff's cellular telephone after he told them to stop calling, and when it attempted to collect a greater amount then owed.

d.      Here, Defendant violated § 1692f(1) of the FDCPA by attempting to collect $953.00 more than the original amount owed by Plaintiff.

WHEREFORE, Plaintiff, TAMEKA PARKER, respectfully prays for a judgment as follows:

a.      All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b.      Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

9

c.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d.     Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TAMEKA PARKER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 10-13-15

By: _____
Attorney ID No. 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

10